**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: March 05 2010**

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 09-38804 |
| | ) | |
| Angela A. Butscher and | ) | Chapter 7 |
| Dennis H. Butscher, | ) | |
| | ) | Hon. Mary Ann Whipple |
| Debtors. | ) | |
| | ) | |
| | ) | |

### ORDER

This case is before the court on a Motion for Refund of Filing Fee filed by Creditor Chase Home Finance, LLC ("Creditor"). [Doc. # 17].

On February 16, 2010, Creditor's counsel filed an "Assignment of Note and Mortgage" using the event code for a motion for relief from stay and abandonment and, thus, incurred and paid the filing fee of $150 for such a motion. A Notice Requiring Corrective Document was entered on the docket by the case manager informing counsel that the document filed is not a motion and instructing him to file the motion using the event code "Support Document." However, the motion was filed again using the event code for a motion for relief from stay and abandonment and counsel again incurred and paid the filing fee of $150.

Under 28 U.S.C. § 1930(f)(3), bankruptcy courts are permitted to "waive" fees required under the statute on grounds not otherwise specified therein by Congress "in accordance with Judicial Conference policy." Judicial Conference policy limits fee refunds as follows:

The Judicial Conference prohibits refunding the fees due upon filing. The Conference

> prohibits the clerk from refunding these fees even if the party filed the case in error, and even if the court dismisses the case or proceeding. Nevertheless, the clerk must refund any fee collected without authority. For example, the clerk has no authority to collect a fee to reopen a case unless the case is closed. Consequently, the clerk must refund a fee to reopen if the parties discover later that the case was open.

Bankruptcy Fee Compendium III (August 2007), ¶ A.9, p11. Recognizing that the electronic filing environment in which all bankruptcy courts now operate raises different administrative issues as to the no refund policy than the traditional manual filing environment, the Judicial Conference has also authorized courts to develop local procedures as follows:

> **Develop Local Procedures**. Although the Judicial Conference still prohibits refunds generally, judges, in conjunction with their clerks, may develop procedures addressing CM/ECF refunds.

*Id.*, ¶ A.9.A.(1), p. 12. In this district, the court has adopted General Order 05-2 addressing filing fee refund procedures, as follows:

> Upon review of the Judicial Conference policy, neither the Clerk of the Bankruptcy Court nor the Bankruptcy Judge(s) has the authority to permit refund of fees due upon filing except for fees collected without authority or due to administrative error on the part of the clerk's office....IT IS ORDERED that refunds will not be permitted on fees due upon filing, even if the party files the document in error and even if the court dismisses the case or pleading."

Under the statute, Judicial Conference Policy and local procedure, the standard for court authorization to allow the refund of a filing fee is twofold: the fee was collected without authority or the fee was collected due to administrative error on the part of the clerk's office.

In this case, the filing fee for the document captioned "Assignment of Note and Mortgage" was not collected without authority, as Debtor's counsel incorrectly filed it as a motion for relief from stay and abandonment and he thus incurred two sets of filing fees when the actual motion was filed. Nor was the payment of the fee for filing either the "Assignment of Note and Mortgage" or the motion for relief from stay due to administrative error on the part of the clerk's office. Rather, the clerk's office provided instruction to counsel as to how to avoid paying the filing fee twice.

Since the court finds that the filings in this case that resulted in paying the $150 filing fee twice did not result from either its unauthorized collection or court system problems or administrative error by the clerk's office, the court lacks authority to permit the requested $150 refund.

**THEREFORE,** based on the foregoing reasons and authorities,

**IT IS ORDERED** that the Motion for Refund of Filing Fee [Doc. # 17] be, and hereby is, **DENIED.**